22043

In the Matter of William Levern PYATT, Respondent.

(312 S. E. (2d) 553)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Richard B. Kale and William K. Moore,* Columbia, *for complainant.*

*I. S. Leevy Johnson* and *Joseph L. Smalls, Jr.,* Columbia, *for respondent.*

February 16, 1984.

HARWELL, Justice:

This grievance proceeding charges William L. Pyatt with engaging in business dealings with a client without full disclosure of his adverse interest in violation of DR 5-101(A) and DR 5-104(A) of the Rules of Disciplinary Procedure. The

Hearing Panel and Executive Committee have concurred in finding violations of both rules. The Panel recommended a public reprimand conditioned upon reconveyance of certain property to William and Jonnie Mae Marvin. The Executive Committee struck the recommendation of reconveyance and recommended the sanction of indefinite suspension.

The factual findings of the Panel, concurred in by the Committee, reveal that Mr. Marvin contacted the respondent attorney regarding the threatened foreclosure of his home by a mortgage company. Thereafter, the respondent prepared a deed and other documents in which the Marvins transferred their interest in the property to respondent's wife and a close associate in return for assumption of the mortgage and the payment of $2,000, most of which was used to make the mortgage current. Respondent's wife testified that she expected to earn at least $5,000 on her half of the deal. The money that she contributed to the transaction came from a joint checking account with respondent.

The property was later transferred to respondent's brother. At the time of this subsequent transfer, respondent prepared a lease agreement between his brother and the Marvins which gave the Marvins the right to repurchase the property at fair market value, with no explanation of how fair market value would be determined or by whom. The agreement provided for monthly rent of $300 per month; the monthly mortgage payments were $224. The Marvins later refused an opportunity to repurchase their home at $45,700.00. The market value of the property was estimated at the hearing to be several thousand dollars in excess of $23,543.09, the amount owed on the mortgage. Shortly, respondent evicted the Marvins on his brother's behalf for nonpayment of rent.

The Marvins testified that they thought at the time of the transfer that respondent was representing their legal interests. The respondent testified to the contrary that he regarded the Marvins only as borrowers of money.

We agree with the Panel and Executive Committee that the Marvins were looking to the respondent to represent their legal interests. Regardless of how the respondent regarded the relationship, he failed to exercise proper care and judgment in explaining to the Marvins that he did not represent their legal interests. Certainly, the terms of the original

transaction did not adequately protect the legal rights of the Marvins. They deeded their interest in the property without any written agreement of a right to repurchase. Even after the lease agreement was signed, the right to repurchase at fair market value was so vague as to be almost meaningless.

This situation illustrates the reason behind the rule that lawyers should not enter into business transactions with clients, if they have different interests in the deal, without making full disclosure.

We agree with the Panel that the appropriate sanction for respondent is a public reprimand. Attorney William L. Pyatt therefore stands publicly reprimanded by this Court in accordance with Rule 7 A(3) of the Supreme Court Rule on Disciplinary Procedure.

In addition, we agree with the Panel that respondent's close connection with the transaction makes him capable of obtaining reconveyance of the property. Furthermore, the Court was advised in respondent's brief and by his attorney in oral argument that respondent would procure reconveyance to the Marvins. The transfer of the property shall be made within thirty (30) days of this order without any consideration other than the assumption of the pre-existing mortgage which shall be current at the time of reconveyance. In the event respondent fails to timely obtain the reconveyance, respondent shall be indefinitely suspended from the practice of law, and further, within ten (10) days, ordered to surrender to the Clerk of this Court his license to practice.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

LEWIS, Chief Justice, dissenting:

I concur in the findings of misconduct, but dissent as to punishment. I would indefinitely suspend; therefore, dissent.